IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SCOTT AND PAMELA BYE; KOREY AND WENDY FAUQUE; BUTCH AND DOREEN GILLESPIE; WAYNE AND ROXY GILLESPIE, and JOHN DOES 1, 2, 3, 4,<br><br>*Plaintiffs*,<br><br>vs.<br><br>SOMONT OIL COMPANY, INC.,<br><br>*Defendant*. | No. 25-CV-21-GF-BMM<br><br>ORDER ON MOTION TO FILE THIRD AMENDED COMPLAINT AND MOTION TO JOIN PARTY PLAINTIFFS |

## INTRODUCTION

Plaintiffs Scott and Pamela Bye, Korey and Wendy Fauque, Butch and Doreen Gillespie, Wayne and Roxy Gillespie, and John Does 1, 2, 3, 4 (collectively "Ranchers"), have filed a motion to amend/correct their Second Amended and First Supplemental Complaint. (Doc. 57.) Ranchers have also filed a motion to join Randall J. Fauque, and Gene and Kim Luckenbill, as additional plaintiffs to this lawsuit (collectively "additional Plaintiffs"). (Doc. 58.) Defendant Somont Oil Company ("Somont") does not oppose either motion. (Doc. 60 and Doc. 61.)

1

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he [C]ourt should freely give leave when justice so requires." Ranchers seek to amend their complaint by supplementing and clarifying factual allegations concerning their requests for permanent injunctive relief and restoration damages. (Doc. 57 at 2.) Plaintiffs seek to add new count for nuisance to their Third Amended Complaint. (*Id*. at 3.) The Court finds that the proposed Third Amended and Second Supplemental Complaint will not prejudice Somont as discovery has just begun. The Court further finds that Ranchers have not filed this motion to amend in bad faith or with undue delay. Amendment does not prove futile at this stage. Ranchers' motion to amend pleadings is timely as it was made within the deadline provided in the Court's scheduling order. (Doc. 48.)

A person may join in one action as plaintiffs if they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise." Fed. R. Civ. Proc. 20(a)(2). Rule 20 allows for "fairness and judicial economy" and "[t]he purpose of the [permissive joinder] rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Rose v. Montana*, No. 10-cv-2, 2010 WL 3724824, at *13 (D. Mont. July 14, 2010); *see* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. Nov. 2019 Update). Rather than apply a rigid test,

2

courts determine on a case-by-case basis whether a particular scenario satisfies Rule 20's requirement for a single transaction or occurrence. *See Rose*, 2010 WL 3724824, at *13.

Somont has a MPDES discharge permit called the Swayze lease, that "originates from, is located on, or runs onto and ponds on property owned by additional Plaintiffs." (Doc. 58 at 2.) Randall Fauque is the legal owner of the land where the Swayze lease's outfall empties. (*Id.*) Gene and Kim Luckenbill's property allegedly has been damaged by the salt flat created by the Swayze outfall. (*Id.*) Additional Plaintiffs' allege that Somont's discharges of produced water onto additional Plaintiffs' lands associated with the Swayze lease further violates the Clean Water Act. (*Id.*) The Court finds that additional Plaintiffs' claims arise out of the same series of transactions or occurrences as those of Ranchers. The Court additionally finds that additional Plaintiffs' claims against Somont share material questions of law and fact with Ranchers.

## ORDER

Accordingly, **IT IS ORDERED** that:

- The Court **GRANTS** Plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. 57). The Clerk of Court's Office will file the Third Amended Complaint, Doc. 57-1 on the docket.

- The Court **GRANTS** Plaintiffs' Motion to Join Party Plaintiffs (Doc. 58).

DATED this 25th day of November, 2025.

_____
Brian Morris, Chief District Judge
United States District Court